# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | Case No. Case No. 3:17-cv-197 |
| Plaintiff, ) | |
| ) | Hon. Walter H. Rice |
| v. ) | |
| ) | |
| JEFFREY W. DAVIS, et al. ) | |
| ) | |
| Defendants. ) | |
| ) | |

**SUPERSEDING ORDER OF SALE AND APPOINTMENT OF RECEIVER**

Now before the Court is the *Joint Motion for Entry of Judgment against Defendants Jeffrey W. Davis, Laura K. Davis, and Jeff Davis Insurance Agency, Inc. and for a Superseding Order of Sale and Appointment of Receiver*. The parties state that the motion is made to modify the Order of Sale and Appointment of Receiver (the "Order") that the Court entered on July 1, 2019 (*Doc.* 39). The property that is the subject of the Order, 2208 Woodman Drive, Kettering, Ohio 45420, also known as 2208 Woodman Drive, Dayton, Ohio 45420 (the "Woodman Drive Property"), has not yet sold. Among other reasons, the parties state that the motion is made to obtain an order that expressly provides that the receiver previously appointed by the Order may advance funds for improvements to the Woodman Drive Property and that he will be reimbursed for such advances ahead of the creditors with an interest in the property. The parties further state that the motion is made to obtain a superseding order to provide for a different procedure by which the Court may approve a sale of the Woodman Drive Property and later approve a distribution of the net proceeds of sale. The parties state that the motion also is made for a final judgment to be entered against Defendants Jeffrey W. Davis, Laura K. Davis, and Jeff Davis

1

Insurance Agency, Inc. (collectively, the "Davis Defendants") under Rule 54(b) of the Federal Rules of Civil Procedure.[1]

The parties agree and stipulate that nothing contained in this Superseding Order is intended or may be interpreted to impact or change the terms of the settlement between the parties that was filed under seal in this case. To the extent there is any conflict between this Superseding Order and the settlement agreement filed under seal, the settlement agreement shall control.

Regarding the entry of a judgment, in a separate document, the Court shall enter a final judgment under Rule 54(b) in favor of the United States and against the Davis Defendants on Counts I through IV of the Complaint.

Regarding the entry of a Superseding Order of Sale and Appointment of Receiver, the Woodman Drive Property is more fully described as:

> Situated in the City of Kettering, County of Montgomery, State of Ohio and being Unit Numbered Two (2), Woodman Professional Office Condominium Complex together with an undivided 22.20% interest in and to all the common areas and facilities as described in the Declaration of Condominium Ownership and the by-laws of said Condominium filed in Deed Microfiche No. 85-98-B11 of the Deed Records of Montgomery County, Ohio and as shown in the drawings filed in Plat Book "123", pages 51, 51A through 51A of the plat records of Montgomery County, Ohio.
>
> Parcel Number N64-507-12-2.

Having considered the grounds stated in the motion, the parties affected by the motion having joined in the motion, and for good cause shown, the Court hereby enters an order superseding the prior order entered July 2, 2019, at Doc. 39 and providing as follows:

The sale of the Woodman Drive Property will be subject to the terms and conditions set

---

[1] All Rule references are to the Federal Rules of Civil Procedure unless otherwise stated.

forth below.

    **1. Sale of Clear Title** - The sale of the Woodman Drive Property shall be free and clear of all rights, titles, claims, liens, and interests of all parties to this action, including the plaintiff United States and the defendants Jeffrey W. Davis, Laura K. Davis, Jeff Davis Insurance Agency, Inc., First Commonwealth Bank (successor in interest to Foundation Bank and Fifth Third Bank), and Montgomery County, Ohio and any successors in interest or transferees of those parties. When a sale is closed, all rights, titles, claims, liens, and interests of all parties to this action to the Woodman Drive Property shall be discharged and extinguished.

    **2. Sale Subject to Building Lines, Laws, Ordinances, Regulations, and Items of Record** - The sale shall be subject to building lines, if established, all laws, ordinances, and governmental regulations (including building and zoning ordinances) affect the Woodman Drive Property, and easements, restrictions, and reservations of record, if any.

    **3. "As is" Sale** - The Woodman Drive Property shall be offered for sale "as is," with all faults and without any warranties either express or implied, and the sale shall be made without any right of redemption.

    **4. Receiver Appointed** - Allan Cummings with HRI Commercial Realty ("Receiver") remains the appointed receiver for the purpose of assisting in the sale of the Woodman Drive Property, and he remains directed to take custody of, and market for sale, the Woodman Drive Property in accordance with this Order.

    **5. Rights, Powers, and Authority of the Receiver-** Mr. Cummings shall have all of the rights and powers necessary to fulfill his obligations under this Order, specifically including, but not necessarily limited to, the power to enter the Woodman Drive Property,

to inspect the property, to secure and preserve the property and its salability, to list and advertise the sale of the property, and to show it to prospective buyers. The receiver may make from his funds or his firm's funds payment of real property taxes, water, sewer, and other utility charges or fees for the property. Subject to prior written approval by the United States and the Davis Defendants, the receiver may make from his funds or his firm's funds payment for reasonable and necessary repairs, maintenance, and improvements (such as repainting or replacing flooring in part or all of the property), and to take any action reasonably necessary to protect and preserve the value of the property prior and up to the closing of its sale and/or to make it more salable. The receiver may make from his funds or his firm's funds payment for property and liability insurance for the property. Subject to prior written approval of the expenditures by the United States and the Davis Defendants, Mr. Cummings shall have the power and authority to select contractors and allow them to enter the property to perform work in, at, or on the property. The receiver shall negotiate the sale of the property, subject to approval by the United States of a purchase agreement and a purchase price and/or approval by the United States of a counteroffer to a prospective buyer. When the receiver obtains a purchase agreement for the property that the United States has approved, the United States shall file a motion for approval of the agreement with the Court. The Davis Defendants, First Commonwealth Bank (successor in interest to Foundation Bank and Fifth Third Bank), and/or Montgomery County, Ohio shall have the right to file an objection to the motion. If, and only if, the Court enters an order approving the purchase agreement, the receiver shall arrange a closing with the buyer and the title company that the receiver has selected to conduct the closing and serve as escrow and distribution agent

for the sale. After the Court approves a purchase agreement, the receiver shall provide the title company with a receiver's deed to the property, which may be used to convey title to the property to the buyer(s) at the closing for the sale. The receiver shall hold the earnest money deposit of a buyer until shortly before a scheduled closing at which time he shall give the deposit to the title company conducting the closing to hold for use at the closing.

6. **Priority of Reimbursement of the Receiver for Expenses He or His Firm Pay for Maintenance, Repair, Renovation, and to Otherwise Protect and Preserve the Woodman Drive Property and its Salability** - To the extent that Mr. Cummings, with the written approval of the United States, expends any funds of his own or of his firm for the purposes described in paragraph number 5, the receiver shall be entitled to recover the same at the closing of a sale of the Woodman Drive Property from the proceeds of the sale with priority over the claims of all parties, except any claims of Montgomery County, Ohio for outstanding real property taxes for the property.

7. **Compensation for the Receiver** - In addition to being reimbursed for payments that he or his firm makes as explained in the prior two paragraphs, Mr. Cummings shall be compensated from the proceeds of the sale of the Woodman Drive Property in an amount equal to six-percent (6 %) of the gross sale proceeds. Mr. Cummings must pay any buyer broker commission for the sale from his compensation of six-percent (6 %) of the gross sale proceeds. The receiver and any buyer broker shall receive payment of the above-described compensation from a distribution from the gross proceeds of a sale approved by the Court at closing, as a direct cost of sale, and before any net sale proceeds are used to pay the claims of the parties to this action.

**8. Listing Price** - If lack of buyer interest or buyer feedback indicates that the initial listing price for the Woodman Drive Property is too high, the United States, in consultation with the receiver, may select a lower listing price. If the Davis Defendants, First Commonwealth Bank (successor in interest to Foundation Bank and Fifth Third Bank), and/or Montgomery County, Ohio object to the new listing price, they may seek review by motion to the Court.

**9. Purchase Agreement** - The terms of any purchase agreement shall require an earnest money deposit, payable by cash, certified check, or cashier's check. The purchase agreement further shall require that the balance of the purchase price is to be paid at closing by cash, certified check, or cashier's check. A purchase agreement may include other customary and reasonable terms in the discretion of the United States, in consultation with the receiver.

**10. Earnest Money Deposit**-The earnest money deposit that is required in a purchase agreement shall be in an amount determined by the United States in consultation with the Receiver. The earnest money deposit from a buyer shall be held by the receiver. The receiver shall provide the deposit at or shortly before the closing for the sale to the title company serving as the escrow and distribution agent and conducting the closing for the sale. If the purchaser fails to perform under the terms of the agreement, the purchase agreement shall be deemed null and void, and the deposit shall be forfeited. Any forfeited earnest money deposit shall be used first to pay the cost, if any, of document preparation for the transaction that did not close, and any amount remaining shall be applied to the judgment for taxes entered against Jeffrey W. Davis in this case. If a purchaser fails to

perform under the terms of a purchase agreement, the receiver shall relist the Woodman Drive Property under the terms and conditions of this order.

**11. Acceptance of an Offer and Submission of the Offer to the Court for Approval** - The United States, in consultation with the receiver, shall have the authority to approve the acceptance of an offer by the receiver and/or to decide what counter-offers, if any, to make in response to an offer. If the United States approves the acceptance of an offer by the receiver, the United States shall submit the purchase agreement reflecting the offer by filing a motion for approval of sale to the Court for approval. The Davis Defendants, First Commonwealth Bank (successor in interest to Foundation Bank and Fifth Third Bank), and Montgomery County, Ohio shall have the right to object to a motion by the United States for approval of a sale. A closing on a purchase agreement may not take place unless and until the Court enters an order approving the sale.

**12. Receiver's Deed** - At the closing for a sale approved by the Court, the purchaser or purchasers shall receive a receiver's deed to the real property executed by the Receiver that shall be free and clear of the interests or other claims of the parties to the case, including the United States, the Davis Defendants, First Commonwealth Bank (successor in interest to Foundation Bank and Fifth Third Bank), and Montgomery County, Ohio, whose interests or other claims shall attach to the proceeds in the same order of priority as they have against the Woodman Drive Property.

**13. Disbursements at the Closing Table** - At the closing, the title company conducting it shall disburse the funds necessary to pay any outstanding real property taxes, property owner association or similar fees, water, sewer, and other utility fees, fees and costs reasonable and necessary for the closing, commissions for the receiver and any to be

shared with a buyer realtor, agent or broker, reimbursement of expenses paid by the receiver or his firm for repair, maintenance, and/or renovation of the Woodman Drive Property and/or for real property insurance or similar or related expenses that the receiver is authorized to make with respect to the property.

14. **Escrow and Distribution Agent-** In addition to conducting the closing, the title company selected by the receiver shall hold in escrow the net proceeds remaining after the payment at the closing of the direct costs of the sale of Woodman Drive Property, pending the entry of an order of distribution by the Court. Upon receipt of an order of distribution entered by the Court, the title company shall distribute the net proceeds promptly and in accordance with the order.

15. **Motion for Distribution of Net Proceeds of Sale** -After the closing, the United States shall file a motion for distribution of the net proceeds of sale. The motion shall specify the persons or entities that are to receive the remaining proceeds of sale and the respective amount each of them is to receive. The Davis Defendants, First Commonwealth Bank (successor in interest to Foundation Bank and Fifth Third Bank), and Montgomery County, Ohio shall have the right to object to the motion.

16. The Davis Defendants shall not record any instruments, publish any notice, or take any other action (such as running newspaper advertisements, posting signs, or making internet or social media postings) that may directly or indirectly tend to adversely affect the value of the property or that may tend to deter or discourage potential purchasers from purchasing the property, nor shall they permit anyone else to do so. Violation of this paragraph shall be deemed a contempt of court and be punishable as such.

17. **Rent, Vacating the Subject Property, Removal of Personal Property from the Subject Property** - It is the understanding of the United States, Davis Defendants, First Commonwealth Bank (successor in interest to Foundation Bank and Fifth Third Bank), Montgomery County, Ohio, and the Court that the Woodman Drive Property presently is not under a lease, it is vacant, no personal property is in it, and that it shall remain that way while the receiver attempts to sell it. For this reason, this superseding order does not contain provisions regarding duties of occupants, rent, a requirement to vacate the premises and the consequences of not doing so, and a requirement to remove personal property and the consequences of not doing so.

18. **Distribution of the Net Proceeds of Sale** - A motion filed by the United States for an order specifying the distribution of the net proceeds of the sale of the Woodman Drive Property shall reflect that said proceeds are to be paid first to First Commonwealth Bank to satisfy the balance owed on the mortgage recorded by its predecessor-in-interest, Fifth Third Bank, with the Montgomery County Recorder on May 18, 2005, and second to the United States to be applied toward the tax liabilities of Jeffrey W. Davis and Laura K. Davis described in the complaint for which a Rule 54(b) judgment shall be entered separately.

**IT IS SO ORDERED, ADJUDGED, AND DECREED.**

Date: October 19, 2020.

_____
**WALTER H. RICE**
**UNITED STATES DISTRICT JUDGE**